# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SATICOY BAY LLC SERIES 2714 SNAPDRAGON,

        Plaintiff(s),

v.

FLAGSTAR BANK, FSB, et al.,

        Defendant(s).

2:13-CV-1589 JCM (VCF)

**ORDER**

Presently before the court is a motion to dismiss filed by defendant Flagstar Bank, FSB ("Flagstar"). (Doc. # 6). Plaintiff Saticoy Bay LLC Series 2714 Snapdragon filed a response in opposition (doc. # 14), and Flagstar filed a reply (doc. # 17).

Also before the court is plaintiff's countermotion to stay. (Doc. # 15). Flagstar filed a response in opposition. (Doc. # 18).

This case involves a dispute over a property that was subject to an HOA "super priority" lien. Plaintiff claims that it purchased the property commonly known as 2714 Snapdragon Court, Henderson, Nevada 89074 for the nominal amount of $10,100.00 and thereby extinguished Flagstar's $87,900 deed of trust.

Over the last several months, the court has become all too familiar with Nev. Rev. Stat. § 116.3116, which grants priority to portions of liens arising from delinquent HOA assessments. Countless cases have been filed in Nevada posing the question as to whether a foreclosure of an

**James C. Mahan**
**U.S. District Judge**

1  HOA's "super priority" interest extinguishes deeds of trust that predate the HOA lien.

2  Courts at both the state and federal level disagree as to the correct interpretation of this
3  provision. *See, e.g.*, *7912 Limbwood Court Trust v. Wells Fargo Bank, N.A.*, 2013 WL 5780793 (D.
4  Nev. 2013) (holding that foreclosure of an HOA super priority lien extinguishes a deed of trust)*;*
5  *LVDG Series 125 v. Welles*, 2013 WL 6175813 (D. Nev. 2013) (holding that a deed of trust is not
6  extinguished following the foreclosure of an HOA super priority lien).

7  Despite the numerous cases presenting this precise question that have been filed in state
8  courts, the Nevada Supreme Court has yet to weigh in on the issue. In fact, plaintiffs list over fifty
9  cases pending before the Nevada Supreme Court that turn upon this very question. (Doc. # 15 pp.
10  113-14). Though federal district courts can generally rule upon questions of state law, this power
11  becomes rather murky when there is no precedent from a state's highest court to assist in interpreting
12  novel statutes. *See Ryman v. Sears, Roebuck & Co.*, 505 F.3d 993, 994 (9th Cir. 2007). This
13  difficulty is compounded further by the fact that Nevada has no intermediate appellate courts to
14  provide guidance before these questions reach the Nevada Supreme Court.

15  It is quite apparent that there is vast disagreement among state and federal courts regarding
16  the interpretation of Nev. Rev. Stat. § 116.3116. Therefore, out of respect for Nevada's sovereignty
17  and interest in having its statutes interpreted by its own judges, the court finds it appropriate to grant
18  plaintiff's motion to stay pending the Nevada Supreme Court's ruling as to whether a foreclosure
19  of an HOA "super priority" lien pursuant to Nev. Rev. Stat. § 116.3116 extinguishes an earlier deed
20  of trust.

21  Accordingly,

22  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's countermotion
23  to stay (doc. # 15) be, and the same hereby is, GRANTED.

24  . . .
25  . . .
26  . . .
27  . . .
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1   IT IS FURTHER ORDERED that defendants' motion to dismiss (doc. # 6) is DENIED
2   WITHOUT PREJUDICE.
3       DATED February 28, 2014.

    _____
    UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -