UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SATICOY BAY LLC, SERIES 2714 SNAPDRAGON,<br><br>    Plaintiff(s),<br><br>    v.<br><br>FLAGSTAR BANK, FSB, et al.,<br><br>    Defendant(s). | Case No. 2:13-CV-1589 JCM (VCF)<br><br>ORDER |

Presently before the court is defendant Flagstar Bank, FSB's ("Flagstar") motion for summary judgment. (Doc. #50). Plaintiff Saticoy Bay LLC Series 2714 Snapdragon ("Saticoy Bay") filed a response (doc. #52), and defendant filed a reply. (Doc. #56).

**I.    Background**

This case involves a dispute over property that was subject to a homeowners' association ("HOA") superpriority lien for delinquent assessment fees.  On May 19, 2005, Bryant and Katherine Sparks executed a deed of trust on their property located at 2714 Snapdragon Court, in Henderson, Nevada ("the property"). (Doc. #1)

The deed of trust listed Commonwealth Financial Corp as lender, Joan H. Anderson as trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary. (Doc. #7, Exh.1). On June 22, 2005, beneficial interest in the loan was transferred to the Federal National Mortgage Association ("Fannie Mae"), as the investor.  (Doc. #56, Exhs. 1-2). The deed of trust securing the mortgage was assigned to defendant Flagstar on July 5, 2011, and re-recorded on August 8, 2011. (*Id.*). On August 26, 2011, defendant Quality Loan Service Corporation ("Quality") was substituted as trustee under the deed of trust. (*Id.*)

**James C. Mahan**
**U.S. District Judge**

Bryant and Katherine Sparks stopped paying their HOA dues and mortgage payments. (Doc. #50). On January 25, 2012, the HOA recorded a notice of default and election to sell the property under its HOA lien. (Doc. #7, Exh. 7). The HOA recorded a notice of foreclosure sale on June 27, 2012. (Doc. #7, Exh. 8). On May 2, 2013, Quality recorded a notice of default and election to sell the property under the deed of trust on Flagstar's behalf. (Doc. #7, Exh. 9). On May 6, 2013, Flagstar sent Nevada Association Services a request for the nine-month priority demand statement in anticipation of satisfying the deficiency. (Doc. #50, Exh. 1). On May 17, 2013, the HOA held a foreclosure sale and sold the property to plaintiff for $10,000, and the foreclosure deed was recorded on May 20, 2013. (Doc. #7, Exh. 10).

Plaintiff filed the original complaint in state court on June 19, 2013, asserting three claims for relief: (1) injunctive relief; (2) quiet title; and (3) declaratory relief. (Doc. # 1-2). Plaintiff contends that the HOA foreclosure sale extinguished defendants' interests in the property. Defendants removed the action to federal court on August 30, 2013, under 28 U.S.C. §§ 1332, 1441, and 1446. (Doc. # 1). Defendant now moves for summary judgment.

## II.   Legal Standard

The Federal Rules of Civil Procedure provide for summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

James C. Mahan
U.S. District Judge

- 2 -

In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

### III. Discussion

Defendant contends that because the loan in question is federally owned by Fannie Mae, plaintiff's claims are preempted by the property and supremacy clauses of the United States Constitution. (Doc. # 50).

Plaintiff alleges that defendant fails to produce any evidence that the loan at issue is federally owned. (Doc. # 52). These arguments will be addressed in turn. Plaintiff further argues that it is entitled to claims for quiet title and declaratory relief because the homeowners' association foreclosure sale extinguished defendant's interest in the property, citing to the Nevada Supreme Court's holding that the foreclosure of an HOA superpriority lien extinguishes a first deed of trust. *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408, 409 (Nev. 2014).

*i.     Property and supremacy clauses*

Under the Property Clause of the United States Constitution, only "Congress shall have the power to dispose of and make all needful rules and regulations respecting the territory or other property belonging to the United States . . . ." U.S. Const. Art. IV, § 3, cl. 2. The Supremacy Clause provides that the "Constitution . . . shall be the supreme law of the land . . . ." U.S. Const. Art. VI, cl. 2. "State legislation must yield under the Supremacy Clause of the Constitution to the interests of the federal government when the legislation as applied interferes with the federal purpose or operates to impede or condition the implementation of federal policies and programs." *Rust v. Johnson*, 597 F.2d 174, 179 (9th Cir. 1979).

In *Rust*, the Ninth Circuit held that a city's foreclosure on property insured by the Federal National Mortgage Association was invalid under the Supremacy Clause. The court reasoned that upholding the sale "would run the risk of substantially impairing the Government's participation in the home mortgage market and of defeating the purpose of the National Housing Act." *Id.*

On this basis, courts consistently apply federal law, ignoring conflicting state law, in determining rights related to federally owned and insured loans. *United States v. Stadium Apartments, Inc.*, 425 F.2d 358, 362 (9th Cir. 1970) (holding that federal law applies to FHA-insured mortgages "to assure the protection of the federal program against loss, state law to the contrary notwithstanding"); *see also United States v. Victory Highway Vill., Inc.*, 662 F.2d 488,

**James C. Mahan**
**U.S. District Judge**

- 4 -

1  497 (8th Cir. 1981) (citing Ninth Circuit case law) ("We note that federal law, not [state] law, governs the rights and liabilities of the parties in cases dealing with the remedies available upon default of a federally held or insured loan."). Foreclosure on federal property is prohibited where it interferes with the statutory mission of a federal agency. *See United States v. Lewis Cnty.*, 175 F.3d 671, 678 (9th Cir. 1999) (holding that the state could not foreclose on federal Farm Service Agency property for non-payment of taxes).

Other courts in this district have uniformly held that 12 U.S.C. § 4617(j)(3) precludes an HOA foreclosure sale from extinguishing Fannie Mae's ownership interest in property without proper consent. *See, e.g.*, *LN Mgmt., LLC Series 5664 Divot v. Dansker*, No. 2:13-cv-01420-RCJ-GWF, 2015 WL 5708799, at *2 (D. Nev. Sept. 29, 2015); *Saticoy Bay, LLC Series 1702 Empire Mine v. Fed. Nat'l Mortg. Ass'n*, No. 2:14-cv-01975-KJD-NJK, 2015 WL 5709484, at *2 (D. Nev. Sept. 29, 2015); *Fed. Nat'l Mortgage Ass'n v. SFR Investments Pool 1, LLC*, No. 2:14-cv-02046-JAD-PAL, 2015 WL 5723647, at *3 (D. Nev. Sept. 28, 2015); *1597 Ashfield Valley Trust v. Fed. Nat'l. Mortg. Ass'n Sys.*, No. 2:14-CV-02123-JCM-CWH, 2015 WL 4581220, at *7 (D. Nev. July 28, 2015); *Skylights LLC v. Byron*, 112 F. Supp. 3d 1145, 1152 (D. Nev. 2015).

Indeed, federal district courts in this circuit have also set aside HOA foreclosure sales on property and supremacy clause grounds in cases involving federally insured loans. *Saticoy Bay LLC v. SRMOF II 2012-1 Trust*, No. 2:13-cv-1199-JCM-VCF, 2015 WL 1990076, at *1 (D. Nev. Apr. 30, 2015); *see also Sec. of Hous. and Urban Dev. v. Sky Meadow Ass'n*, 117 F. Supp. 2d 970, 982 (C.D. Cal. 2000) (voiding HOA's non-judicial foreclosure on HUD property, quieting title in HUD's favor based on property and supremacy clauses); *Yunis v. United States*, 118 F. Supp. 2d 1024, 1027, 1036 (C.D. Cal. 2000) (voiding HOA's non-judicial foreclosure sale of property purchased under veteran's association home loan guarantee program); *Washington & Sandhill Homeowners Ass'n v. Bank of Am., N.A.*, No. 2:13-cv-01845-GMN-GWF, 2014 WL 4798565, at *6 (D. Nev. Sept. 25, 2014) (holding that property and supremacy clauses barred foreclosure sale where mortgage interest was federally insured)

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 5 -

### *ii.     Plaintiff's opposition*

In response to defendant's motion for summary judgment, plaintiff first argues that defendant does not provide adequate proof that the loan at issue was federally insured or owned. (Doc. # 52). The court disagrees. Defendant attached an affidavit from Bella Kharson, the banking officer for Flagstar bank, verifying that on June 22, 2005, beneficial interest in the loan was transferred to Fannie Mae as the investor. (Doc. #56, Exh. 1). The MERS milestone report confirms Ms. Kharson's affidavit. (Doc. #56, Exh. 2). Furthermore, defendant provided a copy of the search results from Fannie Mae's "loan look up" website, which demonstrates that, as of the filing of defendant's reply brief, Fannie Mae is listed as the owner of the proerty. (Doc. #57, Exh. 12).[1] Plaintiff conducted no discovery nor provided any evidence to rebut defendant's claim. Therefore, court finds this sufficient to show that the loan at issue is federally owned.

Plaintiff next argues that defendant lacks prudential standing to assert a preemption claim on behalf of a federal agency that is not a party to this action. (Doc. # 21). While the district courts appear to be divided on this issue, defendant cites to no binding authority, nor does the court know of any, limiting federal preemption arguments to government parties. *See SaticoyBayLLC,* 2015 WL 1990076 at *5; *Washington & Sandhill Homeowners,* 2014 WL 4798565 at *6. *But see Freedom Mortgage Corporation v. Las Vegas Development Group*, LLC, 2015 WL 2398402. *8 (D. Nev. May 19, 2015).

Plaintiff's argument ignores the underlying preemption question. The court has noted that the above-cited precedent forbids application of a state law that impedes a federal interest. Because the evidence supports a finding that the property was federally owned at the time of the HOA

---

[1] A party may not file "new" evidence with a reply and then deprive the opposing party of an opportunity to respond to the new evidence. *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996). However, the court has examined the exhibits and concludes that they do not constitute new evidence. Rather, they rebut arguments first raised by plaintiff in its opposition to defendant's motion for summary judgment, and may therefore be considered by this court. *See, e.g., E.E.O.C. v. Creative Networks, LLC*, 2008 WL 5272780, at *2 (D. Ariz. Dec. 15, 2008).

**James C. Mahan**
**U.S. District Judge**

- 6 -

foreclosure sale, the court concludes that the HOA foreclosure sale at issue was invalid. As a result, the regulations cited by plaintiff do not apply in the instant case.

Based on the foregoing, the court finds that the homeowners' association sale in the instant case is void. Accordingly, the court will enter summary judgment in favor of defendant as to the claims for quiet title and declaratory relief.

Defendant asserts a number of additional theories in support of its motion for summary judgment. (Doc. #50). In light of the above analysis, the court need not address these alternative arguments. The court will grant defendant's motion.

In light of the court's finding that the HOA foreclosure sale at issue was void, plaintiff, as a matter of law, cannot assert any claims against defendants Bryant and Katherine Sparks based on an interest in the property. While these defendants have not answered plaintiff's complaint, plaintiff has not moved for default against them. Based on the foregoing, the court will dismiss plaintiff's claims against these defendants and direct the clerk to close the case.

**IV.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Flagstar's motion for summary judgment, (doc. # 50), be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff's remaining claims against defendants Bryant and Katherine Sparks be, and the same hereby are, DISMISSED.

The clerk shall enter judgment in favor of defendants and close the case.

DATED March 17, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**